HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORAN LARWICK and JANE LARWICK, as Co-Personal Representatives of the ESTATE of BRENT LARWICK, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>EMCOR FACILITIES SERVICES, INC., a foreign corporation, J&J MAINTENANCE, INC., a foreign corporation, and BMAR & ASSOCIATES LLC, a foreign limited liability company, d/b/a EJB FACILITIES SERVICES, INC., a foreign joint venture, and EJB FACILITIES SERVICES, a foreign joint venture, R.J. OWEN and "JANE DOE" OWEN, husband and wife,<br><br>Defendants. | No. 3:10-cv-05260-RBL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**THIS MATTER** is before the court on the following Motions: Defendants' Motion for Summary Judgment [Dkt. #24], and Defendants' Motion for Partial Summary Judgment [Dkt. #26]. The case involves the 2007 electrocution and death of Brent Larwick while his electrical construction crew installed a "COM pole" at Naval Base Kitsap. Each member of the crew was employed by Potelco.

ORDER- 1

Defendants are "essentially a single entity," EJB Facilities Services[1], which oversees maintenance operations at the Bangor portion of the Base. [Dkt. # 24 at 2] As such, EJB was the contractor responsible for having the COM pole replaced, and was in the process of putting the job out for bid. EJB's RJ Owen had loaned the Potelco crew some equipment and materials on an unrelated job on the Base. In return, Potelco's general foreman on the Base, John Torres, offered to have Potelco install the new COM pole, for free. Owen and Torres had known each other for many years. The "sub contract" for the COM pole replacement work was therefore informal, and it bypassed some of the procedures which would otherwise have taken place. Furthermore, neither EJB nor the Navy performed any oversight on the project, and neither was actually aware of the exact time it was taking place.

Larwick was killed when the boom of the truck he was working with came into contact with live overhead high voltage electrical wires, while he was touching both the truck and a nearby metal building. It appears undisputed that neither Larwick nor the boom operator were following well-established safety rules and procedures at the time of the accident. Nor had they taken all of the precautions available to them, including the use of protective gear and having the electricity turned off.

Plaintiffs sued EJB, alleging that its lack of oversight and enforcement of the safety procedures was the cause of Larwick's death. EJB seeks summary judgment on Plaintiffs' claim, arguing there is no evidence supporting Plaintiffs' claim that EJB was a legal or factual

---

[1] Defendants will be described in the singular as "EJB," in this Order.

cause of Larwick's death. As an alternative, EJB seeks an Order establishing as a matter of law the legal conclusion that Larwick was at least partially at fault for the accident.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

It is apparent from the record and the evidence that the ultimate cause of the death of Brent Larwick is a question of fact. Defendant's Motion for Summary Judgment [Dkt. #24] is therefore DENIED. At the same time, that evidence establishes that Larwick did in fact have some fault in the accident. The amount of that fault is also a question of fact. Defendants' Motion for Partial Summary Judgment [Dkt. #26] on Larwick's contributory fault is GRANTED. Defendants' Motions to Strike evidence and argument in the summary judgment

ORDER- 3

materials and in Plaintiffs' Reply (Motions contained in Defendants' Reply and in a separate document [Dkt. #40]) are DENIED.

**IT IS SO ORDERED.**

DATED this 1st day of September, 2011

_____
HONORABLE RONALD B. LEIGHTON
United States District Judge

ORDER- 4